UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 03-257 |
| MICHAEL HARRIS | SECTION: "K"(1) |

# ORDER

Defendant Michael Harris has submitted his Second Motion for Reconsideration (Rec. Doc. 1336), in which he asserts that this Court should modify its prior Order (Rec. Doc. 1259) denying a reduction in sentence due the amendments to the Sentencing Guidelines for crack cocaine. Defendant filed his first motion for reconsideration (Rec. Doc. 1323) on December 3, 2008, a motion that was denied by this Court (Rec. Doc. 1324). Defendant asserts that the result of his appeal modifies this Court's evaluation of his eligibility. However, the U.S. Court of Appeals for the Fifth Circuit affirmed his conviction on January 14, 2009 (Rec. Doc. 1340). Therefore, no facts have changed since Defendant's last motion for reconsideration.

The Court is aware that Defendant believes he is still entitled to a sentencing reduction because he claims the statutory minimum does not apply to him. He asserts that, because he accepted the Rule 11(c)(1)(C) stipulated sentence, he is not subject to the statutory minimum.

1

Defendant misunderstands the transcript of his rearraignment hearing.[1]  The Court did not instruct Mr. Harris that the sentencing agreement would free him from the mandatory minimum sentence; instead, Mr. Harris was instructed that, if he decided not to accept the Rule 11(c)(1)(C) stipulated sentence, he would face at least 120 months in prison.

Moreover, Defendant must keep in mind that, because he accepted the Rule 11(c)(1)(C) stipulated sentence, he is not entitled to *any* reduction in sentence due to the crack cocaine amendments.  Coordinate federal courts of this Court have held that district courts lack the power to modify Rule 11(c)(1)(C) sentences under the amendments to the crack cocaine guidelines because, once a court accepts a Rule 11(c)(1)(C) plea, the agreement "binds the court once the court accepts the plea agreement."  *See United States v. Oliver*, --- F. Supp. 2d ----, 2008 WL 5209983, at *2 (D.D.C. 2008) (citing cases holding that federal courts cannot modify Rule 11(c)(1)(C) sentences under the crack cocaine amendments).  If Defendant were entitled to such a reduction, the lowest sentence he could receive due to his modified range is 121 months.  Currently, Mr. Harris has a sentence of 120 months.  Therefore, legally this Court is not bound to modify Defendant's sentence, and in any case this Court is certain that Defendant would not prefer an additional month of prison.  This Court has reviewed the Defendant's presentence report and other relevant documents with care, and it has determined that any discretion the

---

[1] Mr. Harris refers to the following instruction by the Court during his rearraignment. Note that Rule 11(c)(1)(C) was formerly Rule 11(e)(1)(C):

THE COURT: And remember, of course - - I'm reminding you that you have a minimum statutory sentence of 10 years in the event that you don't go with the 11(e)(1)(c) plea, do you understand that?

DEFENDANT HARRIS: Yes, sir.

Court has in this matter shall not be exercised here. Accordingly,

**IT IS ORDERED** that Defendant Michael Harris' Second Motion for Reconsideration (Rec. Doc. 1336) is **DENIED.**

. New Orleans, Louisiana, this __22nd__ day of January, 2009.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**